UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> COASTAL ENVIRONMENTAL GROUP, STERLING EQUIPMENT, INC., GLOBAL INDEMNITY INSURANCE AGENCY, INC., ALL RISKS, LTD., LIBERTY MUTUAL INSURANCE COMPANY, TRITON STRUCTURAL CONCRETE, INC., and DANA PARTNERSHIP LLP, <br><br> Defendants. | CIVIL ACTION NO. 1:20-cv-451 |

## COMPLAINT FOR INTERPLEADER

Plaintiff Atlantic Specialty Insurance Company ("Atlantic Specialty") brings this interpleader action against Defendants Coastal Environmental Group, Sterling Equipment, Inc., Global Indemnity Insurance Agency, Inc., All Risks, Ltd., Liberty Mutual Insurance Company, Triton Structural Concrete, Inc., and Dana Partnership LLP (collectively "the Defendants") and, in support thereof, avers as follows:

### JURISDICTION AND VENUE

1. This is an interpleader action, brought pursuant to 28 U.S.C. §§ 1335 and 2361, to require the Defendants to interplead and settle among themselves their competing claims to a Judgment entered against Atlantic Specialty in the matter of *Atlantic Specialty Insurance Company v. Coastal Environmental Group*, *et al.*, 2:14-cv-07403-LDH-RML (E.D.N.Y.) (the "Judgment"), to enjoin Defendants and any other claimants from taking action to execute on the

- 2 -

Judgment, and to discharge Atlantic Specialty from the Judgment upon depositing the same with the Court.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1335. Consistent with the requirements of that statute, more than two of the Defendants are citizens of different states and the amount of the Judgment that is the subject of this interpleader action is $1,197,195.64 plus interest and costs, and thus exceeds the $500 statutory threshold.

3. Venue is properly vested in this district pursuant to 28 U.S.C. § 1397 because several of the Defendants reside in this district.

## PARTIES

4. Plaintiff Atlantic Specialty is a New York corporation with its principal place of business at 605 Highway 169 North, Suite 800, Plymouth, MN 55441.

5. Upon information and belief, Defendant Coastal Environmental Group ("Coastal") is a New York corporation with its principal place of business at 250 Executive Drive, Suite K, Edgewood, New York, 11717.

6. Upon information and belief, Defendant Sterling Equipment, Inc. ("Sterling") is a Massachusetts corporation with its principal place of business at 2877 Richmond Terrace, Staten Island, New York, 10303.

7. Upon information and belief, Defendant Global Indemnity Insurance Agency, Inc. ("Global Indemnity") is a New Jersey corporation with its principal place of business at 20 Highland Avenue, Metuchen, New Jersey, 08840.

8. Upon information and belief, Defendant All Risks, Ltd. ("All Risks") is a Maryland corporation with its principal place of business at 10150 York Road, Hunt Valley, Maryland 21030.

- 3 -

9. Upon information and belief, Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a Massachusetts corporation with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

10. Upon information and belief, Defendant Triton Structural Concrete, Inc. ("Triton") is a California corporation with its principal place of business at 15435 Innovation Drive, San Diego, California 92128.

11. Upon information and belief, Defendant Dana Partnership LLP ("Dana") is a Nebraska partnership with its principal place of business at 105 North 31st Avenue, 2nd floor, Omaha, Nebraska 68131.

## FACTS

12. In April 2013, Atlantic Specialty agreed to extend Marine Insurance coverage for a barge named MIKE B under a Marine Hull & Machinery and Protection and Indemnity Policy that Atlantic Specialty had issued to its insured, Coastal (the "Policy").

13. The MIKE B was owned and operated by Sterling, and Coastal rented it to perform work at Coney Island in the aftermath of Superstorm Sandy.

14. Upon information and belief, All Risks acted as Coastal's insurance broker in connection with the Policy, and Global served as Coastal's producing agent.

15. On or about April 12, 2013, the MIKE B sunk. Both Coastal and Sterling sought coverage from Atlantic Specialty under the Policy in connection with claimed losses arising out of that event.

16. Atlantic Specialty denied coverage and, on December 19, 2014, Atlantic Specialty initiated a coverage suit against Coastal and Sterling in the Eastern District of New York, entitled

*Atlantic Specialty Insurance Company v. Coastal Environmental Group, et al.*, 2:14-cv-07403-LDH-RML (E.D.N.Y.) (the "Coverage Suit").

17. Coastal and Sterling asserted counterclaims against Atlantic Specialty in the Coverage Suit, claiming entitlement to coverage under the Policy. Coastal and Sterling also filed cross-claims against one another, seeking relief in the event that the Court were to find that one or the other were not covered under the Policy.

18. Sterling also filed a third-party complaint against Global Indemnity in the Coverage Suit, seeking relief to the extent the Court found Sterling was not covered under the Policy.

19. Global Indemnity thereafter filed a third-party complaint against All Risks in the Coverage Suit, and All Risks, in turn, filed a cross-claim against Global Indemnity, Sterling and Coastal. Global Indemnity and All Risks sought to hold one another and the other cross-defendants liable to the extent the Court found Sterling was not covered under the Policy.

20. In 2017, the Court held a bench trial on the issue of whether Coastal and Sterling were covered under the Policy. Prior to holding the bench trial, the Court postponed determination of the respective liabilities on the cross-claims and third-party claims.

21. On September 30, 2018, the Court found that Coastal was covered under the Policy but that Sterling was not covered. (Coverage Suit, D.E. 149)

22. On March 22, 2019, the Court entered the Judgment against Atlantic Specialty and in favor of Coastal in the amount of $1,197,195.64 plus interest and costs. (Coverage Suit, D.E. 160)

23. The Judgment calculated and awarded prejudgment interest at $43,489.10. The Court awarded post-judgment interest on the total amount of $1,240,744.43 at the rate set forth in

28 U.S.C. § 1961, which is 2.52%. As of January 27, 2020, the amount of accrued post-judgment interest is $26,640.99, and accrues at a daily rate of $85.66.

24. As of this date, the Clerk of this Court has not yet taxed costs in the Coverage Suit. On January 3, 2020, Coastal submitted an Amended Bill of Costs in the Coverage Suit declaring its costs as $9,743.78. (Coverage Suit, D.E. 173) Atlantic Specialty did not object to the Amended Bill of Costs.

25. The Second Circuit affirmed the Court's finding as to Coastal and, on January 9, 2020, it issued a mandate affirming the Judgment against Atlantic Specialty. The Clerk of the Second Circuit taxed costs in favor of Coastal on January 17, 2020 in the amount of $245.60.

26. As of January 27, 2020, the total amount of the Judgment, including costs and interest, is $1,277,374.80.

27. When it entered the Judgment on March 22, 2019, the Court retained jurisdiction over the cross-claims and third-party claims asserted in the Coverage Suit and, on information and belief, those claims are still pending. That is, both Sterling and All Risks assert claims against Coastal – and, by extension, its recovery under the Policy – based on the Court's finding that Sterling is not covered under the Policy. Global Indemnity likewise asserts a claim against All Risks on the same basis.

28. On January 23, 2018 – and again on October 9, 2018 – Liberty Mutual and Triton wrote letters to counsel for Atlantic Specialty asserting a lien on the Policy proceeds – and by extension the Judgment – pursuant to Article 3-A, New York Lien Law § 71. Triton – and Liberty Mutual as its surety – asserted an entitlement to "all such funds owed to Coastal" under the Policy by virtue of costs incurred by Triton in connection with the sinking of the Mike B.

29. On or about February 6, 2019, Dana served a restraining notice on Atlantic Specialty pursuant to NY CPLR 5222 claiming an entitlement to money held by Atlantic Specialty in which Coastal has an interest, *i.e.*, the Judgment. Dana's restraining notice stated that its basis for entitlement to the Judgment was a domesticated judgment in the amount of $106,614.18 that Dana had procured on July 7, 2016 against Coastal.

30. Given the Defendants' competing claims to the Judgment, this case is ripe for an interpleader action.

## CAUSE OF ACTION FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335

31. Plaintiff incorporates by reference paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. As evidenced by the foregoing paragraphs of this Complaint, there are adverse claimants who are claiming or who may claim to be entitled to the proceeds of the Judgment, including Defendants Coastal Environmental Group, Sterling Equipment, Inc., Global Indemnity Insurance Agency, Inc., All Risks, Ltd., Liberty Mutual Insurance Company, Triton Structural Concrete, Inc., and Dana Partnership LLP.

33. Atlantic Specialty cannot safely determine the proper beneficiary of the proceeds and faces the threat of multiple liability.

34. Atlantic Specialty claims no title or interest in the Judgment amount, and is ready and willing to pay the same to the person or persons entitled to receive the Judgment, but Atlantic Specialty is unable to make that determination without hazard to itself.

35. Atlantic Specialty is prepared and willing to pay into Court the full Judgment amount, including costs and interest pursuant to 28 U.S.C. § 1335.

36. There is no collusion now, nor has there been collusion at any time, between Plaintiff and any of the Defendants, as to this action or as to the disposition of the Judgment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Atlantic Specialty Insurance Company respectfully prays for judgment as follows:

(a) That each of the defendants and any other claimant be restrained from instituting any action against Atlantic Specialty to enforce the Judgment;

(b) That Atlantic Specialty be authorized and directed to deposit the amount of the Judgment with the Court;

(c) That the defendants be required to interplead and settle between themselves their rights to the Judgment or any part thereof;

(d) That Atlantic Specialty be discharged from all liability with respect to the Judgment and that the Judgment be deemed to be satisfied in full;

(e) That Atlantic Specialty be awarded its costs, including attorney's fees, and that this amount be deducted from the proceeds of the Judgment; and

(f) That Atlantic Specialty be awarded any further and additional relief as this Court may deem just and proper.

Dated: New York, New York
January 27, 2020

DUANE MORRIS LLP

By: s/ David T. McTaggart
    David T. McTaggart
1540 Broadway
New York, New York 10036-4086
Tel.: (212) 471-1814
Fax: (212) 202 4931
dtmctaggart@duanemorris.com

*Attorneys for Plaintiff Atlantic Specialty Insurance Company*